UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand and eighteen.

Present:
ROBERT D. SACK,
PETER W. HALL,
CHRISTOPHER F. DRONEY
*Circuit Judges.*

---

Creazioni Artistiche Musicali, S.r.l.,

*Plaintiff-Appellant,*

v.                                                                                              17-266-cv

Carlin Am., Inc., Edward B. Marks Music Company,

*Defendants-Appellees,*

John Does 1-10,

*Defendants.*

---

1

| *For Plaintiff-Appellant*: | Robert W. Clarida (Brett Van Benthysen, *on the brief*), Reitler Kailas & Rosenblatt LLC, New York, NY. |
|---|---|
| *For Defendants-Appellees*: | Eric C. Osterberg, Osterberg LLC, Boston, MA. |

Appeal from a final judgment and decision entered December 30, 2016, in the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's decision and judgment are **AFFIRMED**.[*]

Creazioni Artistiche Musicali, S.r.l. ("CAM") brings a copyright-infringement action against the defendants-appellees, Carlin America, Inc. and Edward B. Marks Music Company, pursuant to the United States Copyright Act, 17 U.S.C. § 106. CAM alleges that in a written agreement executed on October 4, 1966, in Rome, Italy (the "1966 Agreement"), it obtained copyrights in two works ("Instrumental" and "Vocal") written in 1966 by the Italian composer Piero Umiliani. CAM claims that the defendants infringed these copyrights by granting licenses to a third work by Umiliani in 1968, "Mah Na Mah Na," to third parties. Specifically, CAM contends that "Mah Na Mah Na" is an unauthorized derivative work based on Instrumental and Vocal.

---

[*] Appellant's motion for judicial notice is denied as moot, as the documents we have been asked to take judicial notice of are not material to this decision.

The district court granted the defendants' motion to dismiss, concluding that CAM lacked standing to bring suit against the defendants for copyright infringement because the 1966 Agreement, as interpreted under Italian law, did not give CAM the exclusive right to create and exploit derivative works of Instrumental and Vocal. *See Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*, No. 14-cv-9270, 2016 WL 7507757, 2016 U.S. Dist. LEXIS 180431 (S.D.N.Y. Dec. 30, 2016). CAM timely appealed the district court's judgment of dismissal. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's ruling, which we reference only to explain our decision.

"We review *de novo* a [district court's] decision as to a plaintiff's standing to sue based on the allegations of the complaint and the undisputed facts evidenced in the record." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014). Under Federal Rule of Civil Procedure 44.1, a court's determination of foreign law "must be treated as a ruling on a question of law," Fed. R. Civ. P. 44.1, and is therefore subject to *de novo* review. *See Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998). To that end, "appellate courts, as well as trial courts, may find and apply foreign law," *id.* at 12, and "may consider any relevant material or source, including the legal authorities supplied by the parties on appeal as well as those authorities presented to the district court," *Carlisle Ventures, Inc. v. Banco Español de Crédito, S.A.*, 176 F.3d 601, 604 (2d Cir. 1999).

The Copyright Act's standing test, 17 U.S.C. § 501(b), "accords standing only to the legal or beneficial owner of an 'exclusive right.'" *Itar-Tass Russ. News Agency v. Russ. Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998). Umiliani transferred rights to his music, including Instrumental and Vocal, to CAM in the 1966 Agreement, but the parties dispute whether Umiliani granted CAM the exclusive right to exploit derivative versions of his works. In resolving this dispute, the district court identified choice-of-law as a threshold issue and determined that Italian, rather than American, law applies to determine the scope of Umiliani's transfer in the 1966 Agreement. *Creazioni Artistiche Musicali*, 2016 WL 7507757, at *3–5, 2016 U.S. Dist. LEXIS 180431, at *6–13. CAM contends that this was error and that American law applies instead. Appellant Br. at 13–16. We need not reach this choice-of-law issue, however, because the result is the same regardless of whether the 1966 Agreement is construed according to Italian or American law.†

Both Italian and American law require a clear expression of intent for an author to transfer full ownership of copyrights in his or her works. Under the 1909 Copyright Act, which was in effect at the time the 1966 Agreement was made, "a transfer of anything less than the totality of rights commanded by copyright was

---

† The district court noted that we have not yet established a principle for choice-of-law issues concerning voluntary assignment of copyright. *Creazioni Artistiche Musicali*, 2016 WL 7507757, at *3, 2016 U.S. Dist. LEXIS 180431, at *8–9. We decline to establish such a principle here because the result of the overall standing issue is the same under either Italian or American law. We also note that the issue of the applicable choice-of-law principle for copyright assignment was not thoroughly briefed on appeal.

automatically a license rather than an assignment of the copyright." *P.C. Films Corp. v. MGM/UA Home Video Inc.*, 138 F.3d 453, 456 (2d Cir. 1998); *see also Warner Bros. Pictures, Inc. v. Columbia Broadcasting Sys.*, 216 F.2d 945, 949 (9th Cir. 1954) ("The clearest language is necessary to divest the author of the fruits of his labor." (internal quotation marks omitted)).

Similarly, although the Italian Copyright Act provides that the economic rights of authors "may be acquired, alienated or transferred under all methods and forms allowed by law," Art. 107, Italian Copyright Act, App'x at 157, the "narrow construction of copyright transfers . . . applies, as a matter of principle, to any contractual transfer of interests from the author to another party," Alberto Musso & Mario Fabiana, *Italy* §§ 4(3)(a)(ii), 4(3)(b)(i), in *International Copyright Law and Practice* (Paul Edward Geller & Lionel Bentley, eds. 2013). Indeed, the exclusive rights stemming from copyright ownership "are independent of one another," Art. 19, Italian Copyright Act, App'x at 136, so "the contractual grant of one such right does not necessarily include the grant of the exclusive exercise of each of the other rights" and "any total assignment of all the economic components of copyright must be expressly agreed to," Musso & Fabiani, *Italy* § 4(2)(a).

We conclude that the 1966 Agreement lacks the clear expression of intent necessary to transfer full ownership of Instrumental and Vocal to CAM, which necessarily includes the right to create and exploit derivative works. The second paragraph of the 1966 Agreement defines the scope of Umiliani's transfer to CAM:

(2) All rights to use the music that [Umiliani] composed, from the time of its creation, shall be transferred to us for the entire world with the right to transfer it in whole or in part to third parties, so long as your rights are not prejudiced or limited. [Umiliani] also gives us the right to extract one or more musical excerpts from the soundtrack for any adaptations or arrangements that we deem necessary for the best commercial use and to add any lyrics to the individual musical tracks with the full freedom to choose the author and the works so long as your moral rights are not prejudiced.

1966 Agreement, App'x at 35. Although the first sentence grants CAM "all rights to use the music that [Umiliani] composed," it limits the scope of this grant by stipulating that Umiliani's rights may "not [be] prejudiced or limited." *Id.* Therefore, notwithstanding the transfer of all rights to use Umiliani's music to CAM for certain purposes, Umiliani retains certain other rights in the music, including the right to create derivative works. In other words, the first sentence of paragraph two transfers certain rights to CAM, but this transfer is not *exclusive* and Umiliani retains certain economic rights in the music.

The second sentence of paragraph two provides additional support for this interpretation. The second sentence gives CAM "the right to extract one or more musical excerpts from the soundtrack for any adaptations or arrangements." *Id.* If the first sentence of paragraph two represented a total conveyance of rights in Instrumental and Vocal, as CAM contends, then the second sentence would be redundant: the right to create derivative works would have already been conveyed to CAM in the total grant in the first sentence of the paragraph, so there would be no need to separately convey "the right to extract one or more musical excerpts from

6

the soundtrack."  *Id.*; *see also* Italian Civil Code, Ch. IV, Art. 1367, App'x at 185 ("In case of doubt, the contract or the individual clauses shall be interpreted in the sense in which they can have some effect, rather than in that according to which they would have none . . .")

For these reasons, we conclude that the 1966 Agreement does not unequivocally convey to CAM exclusive rights over Instrumental and Vocal. Because CAM lacks the exclusive right to exploit derivative works of Instrumental and Vocal, CAM lacks standing to bring suit against the defendants for copyright infringement.

We have considered the plaintiffs' remaining arguments and find them to be without merit.  Accordingly, the district court's judgment and decision and order are **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk